Case 1:26-cv-21196-JB   Document 9   Entered on FLSD Docket 03/17/2026   Page 1 of 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:26-cv-21196-JB

LORENA CASTELLANOS KINDELAN,

      Plaintiffs,

v.

LAJATO RESTAURANT LLC, IVONNE
PEREZ, and FELIX GUTIERREZ,
individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, LAJATO RESTAURANT LLC, IVONNE PEREZ, and FELIX GUTIERREZ, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### *Parties, Jurisdiction, and Venue*

1. Defendants are without knowledge as to Plaintiff's residence.

2. This Paragraph contains a legal conclusion and not a fact allegation requiring a response.

3. Admitted.

4. Defendants are without knowledge as to what Plaintiff consents to or does not consent to.

5. Admitted.

6. Admitted.

1

7. Admitted that the individual Defendant is an owner of the entity Defendant. All other allegations are denied.

8. This Paragraph contains a legal conclusion and not a fact allegation requiring a response.

9. Admitted for jurisdictional purposes only.

10. Admitted for venue purposes only.

### *Background Allegations*

11. Denied as alleged.

12. Admitted that Defendants have pay and time records containing information for Plaintiff.

13. Denied.

14. Admitted.

15. Admitted that Plaintiff had some of the tasks alleged in this Paragraph, but not all.

16. Admitted that Plaintiff had some of the tasks alleged in this Paragraph, but not all. All other allegations are denied.

17. Admitted that Plaintiff had some of the tasks alleged in this Paragraph, but not all.

18. Admitted that Plaintiff had some of the tasks alleged in this Paragraph, but not all. All other allegations are denied.

19. Admitted that Plaintiff had some of the tasks alleged in this Paragraph, but not all. All other allegations are denied.

20. Admitted that the entity Defendant employed two or more individuals at all relevant time periods. All other allegations are denied. Whether or not the entity Defendant is an

enterprise as defined by the FLSA is a legal conclusion, and not a fact allegation requiring a response.

21.     Admitted that the entity Defendant serves food and beverages to the public. All other allegations are denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted.

*FLSA Overtime Liability and Damages*

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Defendants are without knowledge as to who the Plaintiff retained or did not retain or what she agreed or did not agree to pay.

33.     Denied.

34.     This Paragraph does not state which conditions precedent it is referring to. Therefore, denied.

## GENERAL DENIAL

Further responding to Paragraphs 1 through 34, Defendants deny each and every allegation contained in the Complaint not specifically admitted-to.

3

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred to the extent that she did not actually work the hours she is alleging she is owed payment for.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she engaged in certain activities that were preliminary or postliminary to her principal activities.

### Fourth Affirmative Defense

Plaintiff's damages are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Fifth Affirmative Defense

Plaintiff's claim is barred to the extent it extends to and relies upon time that is not compensable work time under the FLSA. e.g., bonafide rest or mealtime and/or other time not spent predominantly for the benefit of the employer or time in which she was able to pursue her own activities.

### Sixth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in their favor in its entirety and that he be awarded costs, including reasonable attorneys' fees, as available.

### JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 17th day of March, 2026.

ADI AMIT, P.A.
*Attorneys for Defendants*
101 Centre
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@DefenderOfBusiness.com

By: *s/Adi Amit*
     Adi Amit, Esquire
     Florida Bar No. 35257

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2026, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

***Lorena Castellanos Kindelan v. LaJato Restaurant LLC, et al.***
Case No. 1:26-21196-JB

Brian H. Pollock, Esquire
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Ft. Lauderdale, Florida 33301
Adi@DefenderOfBusiness.com
*Counsel for Defendants*